UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY AND
GENWORTH ANNUITY SERVICE CORP.
                                       *        CIVIL ACTION NO.  5:23-cv-158

                                       *

VERSUS

                                       *        JUDGE

GARY LEE BAGLEY AND GENE MILTON
BAGLEY, JR.,                             *        MAG. JUDGE
in his capacity as the Executor
of the Succession of Karen Stewart Bagley   *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## COMPLAINT FOR DECLARATORY RELIEF AND INTERPLEADER UNDER FED. R. CIV. PRO. 22

       Plaintiffs, Genworth Life and Annuity Insurance Company, f/k/a GE Capital Assurance Company ("GLIC"), successor-in-interest to United Pacific Life Insurance Company ("United Pacific"), and Genworth Annuity Service Corporation ("GASC"), for their Complaint for Declaratory Relief and for Interpleader aver:

I.

       This is an action for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 for the purpose of determining questions of actual controversy regarding entitlement to certain annuity payments between and among parties within the jurisdiction of this

1

court.

## II.

This is an action for interpleader governed by Rule 22 of the Federal Rules of Civil Procedure inasmuch as it involves two or more adverse claims to guaranteed lump sum payments under an annuity contract under which George Bagley ("George") was the Annuitant.

## III.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the plaintiffs are citizens of Delaware and Virginia, the defendants are citizens of Louisiana, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## IV.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as it is the judicial district in which all of the defendants reside.

## V.

GLIC is an insurance company organized under the laws of the State of Delaware, with its principal place of business in Richmond, Virginia; GASC is a corporation organized under the laws of the State of Delaware, and its principal place of business is in Richmond, Virginia.

## VI.

Defendant, Gene Milton Bagley, Jr. is, on information and belief, the Executor of the Succession of Karen Stewart Bagley and a person of full age and majority who is domiciled in Bossier Parish, Louisiana.

VII.

Defendant, Gary Lee Bagley is, on information and belief, a person of full age and majority who is domiciled in Bossier Parish, Louisiana.

VIII.

George signed a confidential Restrictive Release/Indemnity and Hold Harmless Agreement ("Release") dated January 6, 1989, which provided for guaranteed lump sum payments to him according to a schedule. Payments were to be made on January 1, 1993; January 1, 1998; January 1, 2003; January 1, 2008; January 1, 2013; January 1, 2018; January 1, 2023; and January 1, 2028. The January 1, 2023, payment is $180,000.00.

IX.

In the Release, George agreed that the duties and obligations to make future payments to him may be assigned to Reliance Insurance Company and that all future payments may be funded by the purchase of an annuity from United Pacific, which, by its terms would provide for the scheduled amounts.

X.

In the Release, George agreed that: "in the event of the death of George Bagley prior to the date specified for the last guaranteed payment, the balance of any guaranteed payments shall continue to be paid on the same basis … to Karen Stewart Bagley, George Bagley's mother, primary beneficiary. If Karen Stewart Bagley is no longer living, the secondary beneficiary shall be Gene Milton Bagley, George Bagley's father. If the primary beneficiary and the secondary beneficiary are deceased, the tertiary beneficiary shall be Gary Lee Bagley, his brother.

XI.

Pursuant to a Uniform Qualified Assignment ("Assignment") dated January 26, 1989, the payments to be made under the Release were assigned to Reliance Insurance Company. Reliance's obligations under the Assignment were later assumed by GASC.

XII.

United Pacific received an Application for Annuity (Structured Settlements Only) ("Application") dated January 4, 1989, which bears the signature of Sheila M. Lapham on behalf of Reliance Insurance Company, as Owner/Applicant, and lists the periodic payments provided for in the Release.

XIII.

In the Application, the Payee is listed as George Bagley; the Primary Contingent Payee is listed as Karen Stewart Bagley; the Secondary Contingent Payee is listed as Gene Milton Bagley; and the Tertiary Contingent Payee is listed as Gary Lee Bagley.

XIV.

Following receipt of the Application, United Pacific issued a Single Premium Immediate Annuity for Life with Period Certain, number K0460301 ("Annuity Contract"), with George Bagley as Annuitant, and the "Owner, Owner's Designee, Payee and Contingent Payee … as provided in the application unless otherwise designated by Endorsement or Rider."

XV.

The Annuity Contract contains an Endorsement which states:

THE PAYMENTS DUE ON THE DATES AND FOR THE AMOUNTS SHOWN BELOW WILL BE PAID WHETHER OR NOT THE ANNUITANT IS LIVING ON THE

4

DATE THE PAYMENT IS DUE.

| PAYMENT DATE | PAYMENT AMOUNT |
|---|---|
| January 1, 1993 | $ 40,000.00 |
| January 1, 1998 | $ 50,000.00 |
| January 1, 2003 | $ 60,000.00 |
| January 1, 2008 | $100,000.00 |
| January 1, 2013 | $100,000.00 |
| January 1, 2018 | $130,000.00 |
| January 1, 2023 | $180,000.00 |
| January 1, 2028 | $300,000.00 |

### XVI.

On information and belief, George died on December 13, 1997.

### XVII.

Following George's death, the guaranteed lump sum payments due under the Annuity Contract were paid to Karen Stewart Bagley.

### XVIII.

On information and belief, Karen Stewart Bagley died on January 25, 2019, and Gene Milton Bagley predeceased his son, George.

### XIX.

Following the death of Karen Stewart Bagley, GLIC received communications from or on behalf of Gary Lee Bagley in which he indicated that he believed that he was the rightful beneficiary or payee of the remaining lump sum payments under the Annuity Contract.

XX.

Following the death of Karen Stewart Bagley, GLIC received communications from or on behalf of Gene Milton Bagley, Jr. in which he indicated that he believed that the Estate of Karen Stewart Bagley was the rightful beneficiary or payee of the remaining lump sum payments under the Annuity Contract.

XXI.

By letters dated November 15, 2019, GLIC informed Gary Lee Bagley and the attorney for the Estate of Karen Stewart Bagley, that: "As Karen Stewart Bagley was still living at the death of George Bagley, the … language [of the Release] may be interpreted to mean that she (or her estate) is entitled to all the remaining payments. However, since she is no longer currently living, the [Release language] may also be interpreted to mean that any remaining payments should be payable to Gary Lee Bagley (Gene Milton Bagley, father, having predeceased). Thus, the beneficiary designation on the annuity is uncertain. If Gary Lee Bagley and the Estate of Karen Stewart Bagley are unable to come to a binding, signed agreement as to the payment of the proceeds, it is our intent to interplead the funds."

XXII.

To date, GLIC has not received a signed agreement between Gary Lee Bagley and Gene Milton Bagley, as Executor of the Succession of Karen Stewart Bagley, as to the payment of the remaining Annuity lump sum amounts, and a lump sum payment of $180,000.00 was due on January 1, 2023.

XXIII.

Conflicting claims exist regarding entitlement to the remaining Annuity lump sum payments.

XXIV.

GLIC is now, and at all times has been, ready and willing to pay the Annuity lump sum payments to the party legally entitled to them, as they become payable.

XXV.

Considering the competing claims to the Annuity payments, GLIC cannot determine the proper beneficiary or beneficiary of the remaining Annuity lump sum payments without risking exposure of itself to multiple liability.

XXI.

As a mere stakeholder, GLIC has no interest in the Annuity payments (except to recover its attorney's fees and costs of this action).  GLIC therefore respectfully requests that this court determine to whom the remaining Annuity payments should be made.

XXII.

GLIC will deposit into the Registry of the Court the Annuity payment due on January 1, 2023, plus any applicable interest, for disbursement in accordance with the Judgment of this Court.

XXIII.

GLIC and GASC have been compelled to employ attorneys for the purpose of protecting their interests arising out of these conflicting claims.

WHEREFORE, there being an actual controversy of a justiciable issue as to the person or persons entitled to receive the remaining payments under the Annuity, GLIC and GASC request that the Court enter an Order:

(a)      requiring the Defendants to answer this Complaint for Declaratory Relief and for Interpleader and to litigate their claims between themselves for the remaining Annuity payments;

(b)      requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the remaining Annuity payments should be paid;

(c)      immediately permitting GLIC to deposit the amount of the Annuity payment due on January 1, 2023, plus interest, if any, into the Court, to be paid out as this Court shall direct;

(d)      discharging GLIC and GASC from any and all further liability to Defendants relating in any way to the payment due January 1, 2023 under the Annuity, upon deposit of that payment into the Registry of this Court;

(e)      enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Annuity and Release and/or the remaining payments under the Annuity;

(e)      awarding GLIC and GASC their attorneys' fees and costs in their entirety; and

(f)      awarding GLIC and GASC any other and further relief that this Court deems just and proper.

Respectfully submitted,

LAWRENCE LEGAL, L.L.C
/s/ Jennifer M. Lawrence
JENNIFER M. LAWRENCE, T.A. (23829)
141 Allen Toussaint Blvd., No. 135
New Orleans, LA 70124
Telephone: (504) 322-7117
Telefax: (504) 208-3351
jennifer@lawrencelegalllc.com

ATTORNEYS FOR PLAINTIFFS