UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GENWORTH LIFE & ANNUITY INSURANCE  CIVIL ACTION NO. 23-cv-158
CO ET AL

VERSUS                                                                          MAGISTRATE JUDGE HORNSBY

GENE MILTON BAGLEY JR ET AL

**MEMORANDUM RULING**

**Introduction**

George Bagley was the payee on an annuity that provided for several payments over the course of several years. After George died, the payments were made to his mother, who is listed on the annuity as the primary contingent payee. George's mother later died, and the secondary contingent payee, George's father, was already deceased. The annuity listed George's brother as the tertiary (third) contingent payee.

The insurance company that owes the annuity payments commenced this interpleader action to resolve competing claims to the remaining payments asserted by the estate of George's mother and his brother. The parties filed express, written consent to trial before the assigned magistrate judge (Doc. 20, ¶ 10), and the district judge entered an order (Doc. 22) that referred the case to the undersigned to conduct all further proceedings and enter judgment, as provided in 28 U.S.C. § 636(c).

Before the court are competing motions for summary judgment (Docs. 28 and 29) filed by the claimants. As explained below, the general rule is that ownership of proceeds under an annuity or insurance instrument is determined at the time of the death of the

original payee or insured. Absent express language in the annuity to the contrary, if a primary beneficiary dies after the insured, but before all proceeds are paid to her, the estate of the primary beneficiary, not a secondary or tertiary beneficiary, is entitled to the proceeds. There was no such express language in the annuity contract or other relevant documents, so the estate of the mother is entitled to all remaining payments due under the annuity.

**Relevant Facts**

George Bagley was injured in 1979 when his Honda motorcycle was involved in a collision with an automobile. George entered into a settlement agreement with some Honda companies that called for a cash payment at the time of execution, monthly payments through January 1, 2019, and several lump sum payments in escalating amounts that come due every five years beginning January 1, 1993 and ending on January 1, 2028. This dispute concerns only a lump sum payment of $180,000 that was due on January 1, 2023 and the final lump sum payment of $300,000 that will be due on January 1, 2028.

The release and hold harmless agreement that sets forth the settlement agreement includes a beneficiary provision for the lump sum payments. It states:

> In the event of the death of George Bagley prior to the date specified for the last guaranteed payment, the balance of any guaranteed payments shall continue to be paid on the same basis as outlined above to Karen Stewart Bagley, George Bagley's mother, primary beneficiary. If Karen Stewart Bagley is no longer living, the secondary beneficiary shall be Gene Milton Bagley, George Bagley's father. If the primary and the secondary beneficiary are deceased, the tertiary beneficiary shall be Gary Lee Bagley, his brother.

The agreement provided that the Honda companies' insurers could assign their obligations to Reliance Insurance Company, and Reliance could fund future payments by the purchase of an annuity from United Pacific Life Insurance Company.  Such an assignment was made, and United Pacific issued an annuity contract that stated payments would continue during the lifetime of the annuitant and, if he died before the end of the period, United Pacific would continue to pay the annuity for the remainder of the period "subject to the terms of this Contract."

An endorsement to the annuity set forth the lump sum payments schedule and stated that the listed amounts "will be paid whether or not the annuitant is living on the date the payment is due."  The general provisions of the annuity stated that it was issued in consideration of an application and the payment of a premium.  "A copy of the Application was attached to and made part of this Contract when it was issued."  The written annuity contract, application, and attached riders or endorsements "make the whole Contract."

The annuity contract provides that the payee (George Bagley) will receive the annuity payments.  Under a heading for contingent payee, the contract provides: "If the Payee dies before all payments due under this Contract have been made, the Contingent Payee will become the Payee."  The Application for Annuity lists George Bagley as the payee, describes the monthly payments, and lists each of the lump sum payments. Box 14 on the application provides for contingent payees as follows:

```
14. Contingent Payee (Proceeds in the event of death of payee are
    Payable to)
    Primary    Karen Stewart Bagley
    Secondary  Gene Milton Bagley
    Tertiary   Gary Lee Bagley
```

George, the original payee, died on December 13, 1997. After his death, the lump sum payments due under the Annuity Contract were paid to Karen Stewart Bagley, his mother and primary contingent payee. Karen Stewart Bagley died on January 25, 2019. The secondary contingent payee, Gene Milton Bagley, was already dead, having predeceased George. Gary Lee Bagley, George's brother and tertiary contingent payee, survived Karen and asserted a claim that he became the rightful beneficiary or payee of the lump sum payments due under the annuity after the death of Karen Stewart Bagley. The estate of Karen Stewart Bagley disagrees and asserts a claim to the remaining lump sum payments.

Genworth Life and Annuity Insurance Company is the successor in interest to United Pacific. Genworth commenced this interpleader action and deposited in the registry of the court the $180,000 payment that was due on January 1, 2023. Genworth takes no position on the merits of the dispute.

**Analysis**

Louisiana law governs this case, which was filed in federal court based on diversity jurisdiction. The court must make an "Erie guess" as to how the state supreme court would decide the issue. Coleman E. Adler & Sons, L.L.C. v. Axis Surplus Ins. Co., 49 F.4th 894,

897 (5th Cir. 2022). Louisiana follows the same approach as other states when interpreting an insurance policy or instrument such as the annuity. The policy or instrument is a contract and should be construed using the general rules for the interpretation of contracts. The goal is to determine the common intent of the parties, and the starting place is the words of the policy or instrument itself. Words and phrases must be given their generally prevailing meaning unless they are words of art or have acquired a technical meaning. Kazan v. Red Lion Hotels Corp., 346 So.3d 267, 270 (La. 2022).

The parties have not pointed to any Louisiana jurisprudence that has addressed this particular issue. Similar claims have arisen elsewhere under insurance and annuity agreements, and courts throughout the country follow a general rule that "the right to an annuity vests absolutely in a primary beneficiary who survives the annuitant." Jackson v. Pacific Fidelity Life Ins. Co., 34 F. Supp. 2d 298 (W.D. Penn. 1999), aff'd, 211 F.3d 1261 (3rd Cir. 2000). But an annuitant may, "through clear and unambiguous policy language," provide for an exception to the general rule and have future payments pass to a surviving contingent beneficiary upon the death of the primary beneficiary. Id.

These rules are described in 4 Am. Jur. 2d Annuities § 4 (Beneficiaries of Annuity Contracts) as follows:

> An annuitant may, through clear and unambiguous policy language, provide for an exception to the general rule that the right to an annuity vests absolutely in a primary beneficiary who survives the annuitant. A contingent beneficiary under an annuity contract is not entitled to the proceeds of the annuity upon the death of the primary beneficiary after the annuitant's death, where the contract unambiguously provides that benefits are to be paid to the primary beneficiary, as designated in the application, upon the annuitant's death.

The same rule is set forth in 4 Couch on Insurance § 61:38 (Sole Primary Beneficiary – Death After Insured but Before Receiving Proceeds), which states that "where the death of the beneficiary named in a life policy occurs after that of the insured, but before payment of the insurance, the fund becomes a part of the beneficiary's personal estate, to the exclusion of any person named as a contingent beneficiary."  The Couch treatise adds that the wording of the insurance contract may depart from this rule by expressly providing for payment to the contingent beneficiary upon the death of the primary beneficiary even though the primary beneficiary survived the insured.

It is also explained in 172 A.L.R. 642 (Right of Contingent Beneficiary to Proceeds of Life Policy upon Death of Direct or Primary Beneficiary After Death of Insured) that, as far as generalization is permissible, "the general rule seems to be that if the insurance contract does not contain a provision to the contrary, the executor or administrator of a direct beneficiary who dies after the death of the insured but before receiving the proceeds of the insurance benefits is entitled to the proceeds rather than a contingent beneficiary." The Couch and A.L.R. entries address life insurance rather than an annuity, but the situations are sufficiently similar for them to be relevant.  Whether an annuity or life policy is at issue, the courts apply the same rules for interpreting them to discern the intent of the insured or annuitant.

Several decisions from around the country have consistently applied or observed these rules.  See, e.g., Rogers v. Unionmutual Stock Life Ins. Co., 782 F.2d 1214 n. 1 (4th Cir. 1986) ("absent a provision in the policy to the contrary, if a primary beneficiary dies after the insured, but before the proceeds are paid, the estate of the primary beneficiary,

not the contingent beneficiary, is entitled to the proceeds"); Rossetti v. Hill, 161 F.2d 549 (9th Cir. 1947) (widow, the direct beneficiary, was alive when insured died, but she died before all benefits were paid; benefits vested in her and her estate to the exclusion of any contingent beneficiaries absent express language to the contrary); Jackson as Trustee of H.D.P. v. Pressley, 2023 WL 2695099 n. 2 (M.D. Ga. 2023) (primary beneficiary was alive at the time of insured's death, so any contingent beneficiary assignment became meaningless, and primary beneficiary's estate would receive the proceeds if she died before they were distributed); Aiello v. Manufacturers Life Ins. Co. of New York, 298 A.D.2d 662, 748 N.Y.S. 2d 818 (N.Y. App. Div. 2002) (annuity contract designated wife as primary beneficiary, and her estate was entitled to the proceeds, to the exclusion of a contingent beneficiary, because she survived the original payee by 72 days); and Nordstrom, Inc. v. Fall. 1998 WL 667892 (W.D. Wash. 1998) (retirement account vested in primary beneficiary, to the exclusion of the contingent beneficiary, when primary survived the retiree but died before receiving any payments).

The only exceptions to this general rule occur when the annuity or insurance policy contains express language that any proceeds not yet paid at the time of the death of the primary beneficiary are to be paid to a contingent beneficiary even though the primary beneficiary survived the insured. An oft cited example is Federal Old Line Insurance Co. v. McClintick, 18 Wash. App. 510, 569 P.2d 1206 (Wash. App. 1977), in which the policy included a provision that upon the death of the last surviving principal beneficiary, "whether such death occurs before the Insured or after the Insured and before the full amount due hereunder shall have been paid, the interest of such principal Beneficiary last

surviving shall pass to the surviving Contingent Beneficiary or Contingent Beneficiaries, share and share alike." Another example is Jackson v. Pacific Fidelity, cited above, which included a provision that if the beneficiary to an annuity died while receiving payments, any remaining payments would be made to the beneficiary's estate unless a contingent beneficiary had been designated. The court read this provision as entitling the designated contingent beneficiaries to any remaining payments due after the death of the original beneficiary.

     Neither the settlement agreement nor the annuity contract in this case contain express language that indicates an intent to depart from the general rule and have the tertiary beneficiary begin receiving payments if the original beneficiary died before all payments were made to her. To the extent that there is a meaningful difference between the contingent payee language in the release and the annuity, a Louisiana decision indicates that the language in the annuity contract should govern this dispute. That decision, In re Succession of Tilley, 742 So.2d 9 (La. App. 3d Cir. 1999), arose when a workers' compensation claim was resolved by a compromise agreement that contemplated funding a structured settlement by the purchase of an annuity. The appellate court held that the scope of the application of the settlement agreement extended only to those matters that related to the differences on which that transaction arose. The issue before the court was who was entitled to become the beneficiary under the annuity contract, and the court held that the provisions of the annuity contract governed.

     In this case, the application for the annuity contains the contingent payee provision. It simply lists the primary, secondary, and tertiary contingent payees with no special

language that would deviate from the general rule that all amounts due under the annuity vested in the primary contingent payee at the time of George's death, to the exclusion of any other contingent payees. The release uses more words but says the same thing, and it is also lacking any express language to suggest an intent to vary from the general rule.

Gary Bagley, the tertiary payee, refers to Earthly v. United of Omaha Life Ins. Co., 878 So.2d 746 (La. App. 3d Cir. 2004), which he admits is "not completely on point" with this case. United of Omaha issued an annuity to John and Jessie Earthly, with son Stanley being the primary beneficiary. John died, and the annuity provided that if there were joint owners the surviving joint owner would be the beneficiary regardless of whether another beneficiary was named on the application. It also stated that if the beneficiary was the surviving spouse, the spouse could receive the sum payable at death or continue the policy in force as the owner. Jessie, the surviving spouse and joint owner, did not cash out the policy after John died, so the annuity continued in force with her as the owner and with Stanley as the primary beneficiary. When Jessie died, the court held, Stanley (not Jessie's estate) was entitled to the funds.

The Earthly decision did the same thing as the courts in the other decisions cited above. It read the contract and interpreted its wording in an effort to discern and carry out the intention of the person who created the annuity. The decision does not direct a conclusion in this case because there is no language in the George's annuity that is similar to the beneficiary provisions in Earthly.

The beneficiary provision in the annuity contract in this case is generic and contains no express language that indicates any intention to deviate from the general rule that the

benefits due under the annuity vested in the primary contingent payee at the time of George's death. Nothing in Earthly or any other Louisiana decision brought to the attention of the court indicates that a different result is warranted under the language of the relevant documents in this case. For these reasons, the **Motion for Summary Judgment by Gary Lee Bagley (Doc. 29) is denied**, the **Motion for Summary Judgment by Gene Milton Bagley, Jr. as executor of the succession of Karen Stewart Bagley (Doc. 28) is granted**, and a judgment will be entered to reflect this ruling.

Genworth's complaint prayed for an award of attorney's fees and costs to be paid from the interpleaded funds. A district court has the authority to make such an award in interpleader actions after the consideration of certain factors. Royal Indem. Co. v. Bates, 307 Fed. Appx. 801, 806 (5th Cir. 2009). Genworth is allowed 14 days from the entry of judgment to file a motion for attorney's fees. See Fed. R. Civ. Pro. 54(d)(2). The parties are encouraged to agree on a reasonable amount, but if they are unable to do so the motion will be noticed for briefing.

Gene Milton Bagley, Jr., in his capacity as executor of Karen Stewart Bagley's estate, may file a motion to withdraw the registry funds after the fee issue is resolved and all appropriate delays have passed. Any motion for disbursement of registry funds must comply with Local Rule 67.3 and any reasonable administrative requirements of the clerk of court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 16th day of November, 2023.

Page **10** of **10**

Mark L. Hornsby
U.S. Magistrate Judge