UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GENWORTH LIFE & ANNUITY INSURANCE   CIVIL ACTION NO. 23-cv-158
CO ET AL

VERSUS                                              MAGISTRATE JUDGE HORNSBY

GENE MILTON BAGLEY JR ET AL

## MEMORANDUM ORDER

Genworth Life Insurance Company ("Genworth") commenced this interpleader to resolve competing claims against the proceeds of an annuity. Genworth deposited in the registry of the court $180,000 that was in dispute. The court issued an order that the two defendants assert their claims against each other and that, after due proceedings, Genworth be awarded its reasonable costs and attorneys fees incurred in commencing and prosecuting the interpleader.

The case was eventually resolved on the merits after the court ruled on competing motions for summary judgment. The court's merits ruling allowed Genworth time to file a motion for attorney's fees. The parties were encouraged to agree on a reasonable amount, and they were advised that the motion would be noticed for briefing if they were unable to do so. Before the court is Genworth's Motion for Attorney's Fees (Doc. 43) that asks for an award of $8,888.25 in fees and costs. The motion was noticed for briefing, but no opposition has been filed. For the reasons that follow, the motion will be granted and fees and costs awarded as requested.

A district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions.  The following factors are relevant to determining whether to award costs to an interpleader-plaintiff: (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings. Royal Indem. Co. v. Bates, 307 Fed. Appx. 801, 806 (5th Cir. 2009), citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1719 (3d ed. 2001).

Counsel for Genworth was entirely reasonable in her billing for the services rendered in this case, and the case might not yet be resolved it not for her efforts to keep it on track.  She obtained waivers of service, monitored a related state court succession proceeding, and reminded counsel for the claimants that their answer deadline had passed. She also had to remind counsel for the claimants that they had not asserted their claims to the future annuity payments and advised one attorney that his filing included only the first page of the pleading.

Counsel for Genworth asked counsel for the claimants to draft the case management report, noting that if she drafted it, it would just add to the fees that she would seek to recover from the funds on deposit.  Counsel for claimants nonetheless asked that counsel for Genworth draft the report.  She also handled obtaining and filing the consent to proceed before a magistrate judge form, reminded the claimants that their dispositive motions were

due, and filed a copy of the critical annuity contract that both claimants omitted from their motions.

After the court ruled on the merits of the dispositive motions, one of the claimants contacted the court to report that the prevailing party, a succession representative, had been removed as administrator of the estate.  The court suggested the proper procedural steps to substitute the proper administrator and amend the judgment.  Counsel for Genworth, rather than the counsel for the prevailing party, presented the appropriate motions.  Counsel for Genworth reports that she attempted to negotiate a settlement of her fees and costs, as directed by the court, but she did not receive a counteroffer and thus incurred additional fees because of the necessity of preparing the motion at issue.

Counsel for Genworth asks for a billing rate of $215.00 per hour, which is quite reasonable for the nature and quality of the work performed in this case.  Her time entries are also reasonable and total 39.3 hours, for a total fee request of $8,449.50.  The costs request, which includes the $402.00 filing fee, totals $438.75, for a total of $8,888.25 in fees and costs.

Counsel for Genworth's services were unique in that she had to prod the claimants at every step of the way, often performing work that their attorneys could and should have performed.  Her services benefitted not only her client but also the claimants and the court.  The total amount may seem a bit high for what should have been a rather simple interpleader, but the actions and inactions of the claimants are to blame for any increase above the average fee.  Considering all of the relevant factors, the court finds that the fees and costs requested by counsel are reasonable.  The **Motion for Attorney's Fees (Doc. 43)**

is **granted**, and Genworth Life Insurance Company is awarded fees and costs in the amount of $8,888.25 payable from the funds on deposit in the registry of the court.  The funds will be distributed to Genworth upon presentation of a proper motion in accordance with Local Rule 67.3 and satisfaction of any related requirements of the clerk of court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2024.

Mark L. Hornsby
U.S. Magistrate Judge